UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC V. HOLMES,<br><br>            Plaintiff,<br><br>    v.<br><br>S. SHERMAN, WARDEN, et al.,<br><br>            Defendants.<br>                                              / | CASE NO. 1:CV-05-00588-AWI-LJO-P<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND<br><br>(Doc. 1) |

I.    Screening Order

   A.    Screening Requirement

   Plaintiff Eric V. Holmes ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 2, 2005.

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Summary of Plaintiff's Complaint

The events at issue in the instant action allegedly occurred at California State Prison-Corcoran, where plaintiff is presently incarcerated. Plaintiff names California Department of Corrections Director Jeanne S. Woodford, Warden S. Sherman, Dr. Clyve Greaves, Dr. Khamnung Thirakomen, Appeals Coordinator B. Sullivan, and Correctional Officer John Doe as defendants. Plaintiff is seeking money damages and an injunction requiring prison officials to send plaintiff to an outside eye doctor for assessment and treatment of his eye injury.

In his complaint, plaintiff alleges that on April 18, 2003, defendant Doe prevented plaintiff from obtaining his prescription seizure medicine. Plaintiff alleges that as a result, he suffered multiple seizures later that day and during a seizure, fell and hit the left side of his face on a blunt object. Plaintiff sustained a left orbit fracture and it was recommended that plaintiff have corrective surgery to realign his visual field. On May 27, 2003, non-party Dr. Abramowitz categorized plaintiff as permanently blind/vision impaired on an Inmate/Parolee Disability Verification form (CDC 1845).

On or around December 2, 2003, plaintiff filed a request for reasonable accommodation, seeking an update of the disability verification form, solar shield eyeglasses, pain relief, a "blind stick," access to a Galileo Reader, assistance with reading, seizure medication, a low bunk chrono, and assistance with reading the appeal response. Plaintiff's request was denied by defendant Greaves. On January 2, 2004, the appeal response was modified to grant plaintiff access to a Galileo Reader.

Plaintiff appealed to the next level of review, where his appeal was denied by defendant Thirakomen on April 14, 2004. Plaintiff then submitted the appeal to the third and final level of review, where it was reviewed by defendant Sullivan, who requested that the institution inform the appeals branch when plaintiff had the electrophysiology test and follow up ophthalmology exam.

Plaintiff alleges that defendants have failed to perform the necessary surgery and have failed to coordinate the surgery. Plaintiff alleges that as a result of the delay, he has sustained permanent damage, including blindness, pain, and double vision.

### C. Plaintiff's Section 1983 Claims

#### 1. Eighth Amendment Medical Care Claim

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff's allegations are sufficient to support a finding that plaintiff has a serious medical need. However, plaintiff's allegations do not support a finding that the named defendants acted with deliberate indifference to plaintiff's serious medical need. "Deliberate indifference is a high legal

standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). With respect to defendant Doe, although plaintiff alleges that defendant Doe prevented him from obtaining his seizure medication, plaintiff has not alleged any facts that would support a claim that in doing so, defendant Doe knowingly disregarded an excessive risk to plaintiff's health and/or safety. Farmer, 511 U.S. at 837.

Defendants Thirakomen and Sullivan's involvement was limited to responding to plaintiff's appeal of the denial of his request for a reasonable accommodation. As a general principle, actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). In order for plaintiff to pursue a claim for relief against defendants Thirakomen and Sullivan, plaintiff must allege facts that would support a claim that defendants "deprived the [plaintiff] of the 'minimal civilized measure of life's necessities,'" and "'acted with deliberate indifference in doing so.'" Toguchi, 391 F.3d at 1057 (quoting Hallett, 296 F.3d at 744). The court reviewed plaintiff's allegations and exhibits, and finds that there is no basis stated upon which to impose liability on defendants Thirakomen and Streeter for violating plaintiff's rights under the Eighth Amendment.

          2.    Claim Against Defendants Woodford and Sherman

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient

4

that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Defendants Woodford and Sullivan are not mentioned in the statement of plaintiff's claim. Because plaintiff has not alleged any facts linking either defendant to an act or omission that rose to a level of a constitutional violation, plaintiff fails to state a claim upon which relief may be granted under section 1983 against either defendant.

### D.  Conclusion

The court finds that plaintiff's complaint does not contain any claims upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

///

///

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983;

2. The Clerk's Office shall send plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, without prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   September 16, 2005**                             /s/ Lawrence J. O'Neill
b9ed48                                                                 UNITED STATES MAGISTRATE JUDGE