# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC V. HOLMES, | CASE NO. 1:CV-05-00588-AWI-LJO-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983 |
| v. | |
| S. SHERMAN, WARDEN, et al., | |
| Defendants. | (Doc. 17) |

I.      Findings and Recommendations Following Screening of Amended Complaint

      A.      Screening Requirement

      Plaintiff Eric V. Holmes ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on May 2, 2005.  On September 19, 2005, the court dismissed plaintiff's complaint with leave to amend for failure to state a claim upon which relief may be granted.  Plaintiff filed an amended complaint on January 26, 2006.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Id. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'"  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.     Summary of Plaintiff's Amended Complaint

The events at issue in the instant action allegedly occurred at California State Prison-Corcoran, where plaintiff was incarcerated at the time.   Plaintiff names former California Department of Corrections Director J. Woodford, Dr. Clyve Greaves, Dr. Khamnug Thirakomen, Appeals Coordinator B. Sullivan, and Doe 1-10 as defendants.  Plaintiff is seeking money damages and an equitable relief.

In his amended complaint, which is virtually identical to his original complaint, plaintiff alleges that on April 18, 2003, defendant Doe prevented plaintiff from obtaining his prescription

seizure medicine.  Plaintiff alleges that as a result, he suffered multiple seizures later that day and during a seizure, fell and hit the left side of his face on a blunt object.  Plaintiff sustained a left orbit fracture and it was recommended that plaintiff have corrective surgery to realign his visual field.  On May 27, 2003, non-party Dr. Abramowitz categorized plaintiff as permanently blind/vision impaired on an Inmate/Parolee Disability Verification form (CDC 1845).

On or around December 2, 2003, plaintiff filed a request for reasonable accommodation seeking an update of the disability verification form, solar shield eyeglasses, pain relief, a "blind stick," access to a Galileo Reader, assistance with reading, seizure medication, a low bunk chrono, and assistance with reading the appeal response.  Plaintiff's request was denied by defendant Greaves.  On January 2, 2004, the appeal response was modified to grant plaintiff access to a Galileo Reader.

Plaintiff appealed to the next level of review, where his appeal was denied by defendant Thirakomen on April 14, 2004.  Plaintiff then submitted the appeal to the third and final level of review, where it was reviewed by defendant Sullivan, who requested that the institution inform the appeals branch when plaintiff had the electrophysiology test and follow up ophthalmology exam.

Plaintiff alleges that defendants have failed to perform the necessary surgery and have failed to coordinate the surgery.  Plaintiff alleges that as a result of the delay, he has sustained permanent damage, including blindness, pain, and double vision.

C.      Plaintiff's Section 1983 Claims

1.      Eighth Amendment Medical Care Claim

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'"  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to

inmate health or safety." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u>, <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. <u>McGuckin</u>, 974 F.2d at 1060 (citing <u>Shapely v. Nevada Bd.</u> <u>of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff's allegations are sufficient to support a finding that plaintiff has a serious medical need.  However, plaintiff's allegations do not support a finding that the named defendants acted with deliberate indifference to plaintiff's serious medical need.  "Deliberate indifference is a high legal standard." <u>Toguchi</u>, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" <u>Id</u>. at 1057 (quoting <u>Farmer</u>, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" <u>Id</u>. (quoting <u>Gibson v. County of</u> <u>Washoe, Nevada</u>, 290 F.3d 1175, 1188 (9th Cir. 2002)).  With respect to defendant Doe, although plaintiff alleges that defendant Doe prevented him from obtaining his seizure medication, plaintiff has not alleged any facts that would support a claim that in doing so, defendant Doe knowingly disregarded an excessive risk to plaintiff's health and/or safety. <u>Farmer</u>, 511 U.S. at 837.

Defendants Thirakomen and Sullivan's involvement was limited to responding to plaintiff's appeal of the denial of his request for a reasonable accommodation.  As a general principle, actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action.  <u>See</u> <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993).  In order for plaintiff to pursue a claim for relief against defendants Thirakomen and Sullivan, plaintiff must allege facts that would support a claim that defendants "deprived the [plaintiff] of the 'minimal civilized measure of life's necessities,'" and "'acted with deliberate indifference in doing so.'" <u>Toguchi</u>, 391 F.3d at 1057 (quoting <u>Hallett</u>, 296 F.3d at 744).  The court reviewed plaintiff's allegations and exhibits, and finds

4

1  that there is no basis stated upon which to impose liability on defendants Thirakomen and Sullivan

2  for violating plaintiff's rights under the Eighth Amendment.

3          2.     Claim Against Defendant Woodford

4        Under section 1983, liability may not be imposed on supervisory personnel for the actions

5  of their employees under a theory of respondeat superior.  When the named defendant holds a

6  supervisorial position, the causal link between the defendant and the claimed constitutional violation

7  must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

8  Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for

9  relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the

10  defendant either: personally participated in the alleged deprivation of constitutional rights; knew of

11  the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient

12  that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the

13  constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations

14  omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards

15  are broad, some facts must be alleged to support claims under section 1983.  See Leatherman v.

16  Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

17        Defendant Woodford is not mentioned in the statement of plaintiff's claim.  Because plaintiff

18  has not alleged any facts linking defendant Woodford to an act or omission that rose to a level of a

19  constitutional violation, plaintiff fails to state a claim upon which relief may be granted under section

20  1983 against defendant Woodford.

21      D.     Conclusion

22        The court finds that plaintiff's amended complaint does not contain any claims upon which

23  relief may be granted under section 1983.  Plaintiff was previously provided with notice of the

24  deficiencies in his section 1983 claims and given the opportunity to amend.  However, plaintiff's

25  amended complaint, which as previously stated is virtually identical to his original complaint, fails

26  to cure the deficiencies identified in his original complaint.  The court shall therefore recommend

27  dismissal of this action for failure to state a claim upon which relief may be granted under section

28  1983.

In his amended complaint, plaintiff also alleges negligence claims under California law. Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). Because plaintiff has not stated any claims under section 1983, plaintiff's state law claims should be dismissed, without prejudice to filing in state court.

Accordingly, based on the foregoing, the court HEREBY RECOMMENDS that this action be dismissed for failure to state a claim upon which relief may be granted as follows:

1.   Plaintiff's section 1983 claims be dismissed, with prejudice, for failure to state a claim upon which relief may be granted;

2.   Plaintiff's state law claims be dismissed without prejudice to filing in state court; and

3.   This dismissal shall count as a strike under 28 U.S.C. § 1915(g).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///
///
///
///

6

1  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

2  1153 (9th Cir. 1991).

3

4  IT IS SO ORDERED.

5  **Dated:    August 16, 2006**              _____/s/ Lawrence J. O'Neill_____
   b9ed48                                     UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28