# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC V. HOLMES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. SHERMAN, WARDEN, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:05-cv-00588-AWI-NEW (DLB) PC<br><br>ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL<br><br>(Docs. 27 and 28)<br><br>ORDER GRANTING MOTIONS FOR EXTENSION OF TIME TO FILE OBJECTION<br><br>(Docs. 25 and 28) |

　　　　Plaintiff Eric V. Holmes ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On August 17, 2006, the court issued a Findings and Recommendations recommending that this action be dismissed for failure to state a claim upon which relief may be granted.  Plaintiff was granted thirty days within which to file an Objection.  Since that time, plaintiff has sought and been granted two extensions of time.  On February 8, 2007, plaintiff filed a third motion seeking an extension of time, on March 13, 2007, plaintiff filed a motion seeking the appointment of counsel, and on March 15, 2007, plaintiff filed a fourth motion seeking an extension of time and the appointment of counsel.

　　　　Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional

///

1  circumstances the court may request the voluntary assistance of counsel pursuant to section
2  1915(e)(1). Rand, 113 F.3d at 1525.
3       Without a reasonable method of securing and compensating counsel, the court will seek
4  volunteer counsel only in the most serious and exceptional cases. In determining whether
5  "exceptional circumstances exist, the district court must evaluate both the likelihood of success of
6  the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity
7  of the legal issues involved." Id. (internal quotation marks and citations omitted).
8       In the present case, the court does not find the required exceptional circumstances. Even if
9  it is assumed that plaintiff is not well versed in the law and that he has made serious allegations
10  which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with
11  similar cases almost daily. Further, in light of the pending recommendation that this action be
12  dismissed for failure to state a claim, the court cannot make a determination that plaintiff is likely
13  to succeed on the merits, and based on a review of the record in this case, the court does not find that
14  plaintiff cannot adequately articulate his claims. Id. Plaintiff's motions for the appointment of
15  counsel shall therefore be denied.
16       Plaintiff has had more than seven months within which to draft and file an Objection to the
17  Findings and Recommendations. The court will grant plaintiff's February and March motions for
18  additional time, but plaintiff is warned that this is his final extension of time. The Findings and
19  Recommendations will be referred to Judge Ishii for consideration after thirty days, regardless of
20  whether or not plaintiff files an Objection.
21       Based on the foregoing, it is HEREBY ORDERED that:
22      1.   Plaintiff's motions for the appointment of counsel, filed March 13, 2007, and March
23          15, 2007, are DENIED;
24      2.   Plaintiff's motions for an extension of time, filed February 8, 2007, and March 15,
25          2007, are GRANTED;
26      3.   Plaintiff has **thirty (30) days** from the date of service of this order within which to
27          file an Objection; and
28  ///

1    4.    No further extensions of time will be granted.

3    IT IS SO ORDERED.

4    **Dated:    March 19, 2007**                **/s/ Dennis L. Beck**
     i0d3h8                                      UNITED STATES MAGISTRATE JUDGE